```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

JENNIFER SILVA,

    Plaintiff,
v.                                  Case No. 8:17-cv-1708-T-33JSS

SPEEDWAY LLC,

    Defendant.
_____/

## ORDER

This matter is before the Court pursuant to the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. # 22), which was filed on October 20, 2017. The Court grants the Motion.

## I. Background

Plaintiff filed this Fair Labor Standards Act case on July 17, 2017. (Doc. # 1). Defendant filed an Answer and Affirmative Defenses on September 26, 2017. (Doc. # 16). On August 8, 2017, the Court issued its FLSA Scheduling Order, which also referred the case to a mediation with Mark Hanley, Esq. (Doc. # 10).

Plaintiff filed Answers to the Court's Interrogatories on August 11, 2017 (Doc. # 11). On August 25, 2017, Defendant filed its Verified Summary of Hours Worked by Plaintiff. (Doc. # 12). On October 13, 2017, the mediator reported that the case reached a full settlement. (Doc. # 20). At the Court's direction, the parties have filed a Motion for Court approval

of their settlement. (Doc. # 22).

## II. **Analysis**

Plaintiff alleges that Defendant violated the overtime provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiff will receive $200.00 for unpaid wages, $200.00 for liquidated damages, and $200.00 as other consideration as provided for in the Agreement. It has also been agreed that Plaintiff's counsel will receive $4,050.00 in attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Plaintiff for alleged FLSA violations. Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and

2

represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. # 22) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of October, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.